## SAMUEL S. PHILLIPS, Respondent, *v.* GEORGE HENSHAW, Appellant.

H. purchased goods of P. and M., which were consigned to P., an agent. H. failing to pay for the goods upon delivery, P. brought an action to recover the purchase money. *Held*, that P. had no right of action in his own name. *Semble*, if the purchase had been made directly from P. although the goods belonged to another, the rule would be different.

APPEAL from the Superior Court of the City of San Francisco.

This was an action for goods sold and delivered. The case was submitted to a Referee to report a judgment. The Referee reported a judgment in favor of the defendant.

The facts found are as follows: Henshaw purchased a bill of goods from Phillips & Mosely, of Boston, which were consigned to plaintiff, who was their agent in San Francisco. After the arrival of the goods, plaintiff delivered them to the defendant, who accepted them and stored them.

Defendant failing to pay for the goods, plaintiff brought the action to recover the purchase money. The Court set aside the report of the Referee, and granted a new trial. Defendant appealed.

*Foote & Aldrich,* for Appellant.

The report of the Referee does not disclose any error in law. The conclusions of law drawn from the findings of fact, are correct. The Court had no right to look beyond the report. Tyson *v.* Wells *et al.*, 2 Cal., 122. Headley *et al. v.* Reed, Ib., 322.

*Cook & Olds*, for Respondent.
No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

In this case, I am sure there was no error in the judgment of the Referee. The goods were purchased directly by the defendant, from Phillips & Mosely, and although they were consigned to the plaintiff, it was expressly to fill the order or purchase of the defendant. Although it may be true, that a payment to the plaintiff would relieve the defendant from liability to Phillips & Mosely, yet it gives him no right to sue in his own name. If this practice were allowed, infinite complexity might arise in the trials of suits at law, upon the ground of set-off, recoupment, consideration, and probably others. If the purchase had been made directly from the plaintiffs, the rule would be different, although the goods belonged to another.

The report of the Referee should not have been disturbed.

Order of new trial reversed, and cause remanded.