JAMES C. PRATT *vs.* GEORGE J. STONER, ADMINISTRATOR.
JAMES C. PRATT *vs.* GEORGE J. STONER, ADMINISTRATOR.

* Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The so-called common count for money paid, laid out and expended for the defendant (*Form 85*), is an appropriate general statement of a claim for contribution for sums paid by the plaintiff to discharge a liability by indorsement of notes, which, as between the parties, rested upon them jointly.

* Transferred from the first judicial district.

Within the time limited for the presentation of claims against the estate of a decedent, the plaintiff's attorney orally called the administrator's attention to the fact that the plaintiff had a claim, showed him the notes out of which the claim grew, and informed him of two suits then pending against the decedent to recover the sums due. It also appeared that writs of *scire facias* were issued and served on the administrator, and that in response he entered his appearance in the cases. *Held* that from these facts the trial court was warranted in concluding that a sufficient presentation of the claims had been made.

The fact that an amendment of a complaint, if demurred to, might be held insufficient, is not necessarily a fatal objection to its allowance.

Two suits cannot be said to be for the same cause of action, although the complaints are the same in all other respects, provided the bill of particulars filed in each case relates to separate and distinct claims.

It appeared that the plaintiff bought one of the four notes at a discount shortly before it was due, instead of paying it as alleged in the complaint. *Held* that this variance was properly disregarded as immaterial.

Argued June 15th—decided October 6th, 1905.

ACTIONS to recover one half of several sums paid by the plaintiff as indorser of certain promissory notes upon which he was liable jointly and equally with the defendant's testator, brought to the Superior Court in Hartford County and tried to the court, *Thayer, J.*, after the plaintiff had been permitted (*Case, J.*) to amend his complaints ; facts found and judgment rendered in one case for the defendant, upon his counterclaim, and in the other for the plaintiff, from which judgments the defendant appealed. *No error.*

*Edward D. Robbins*, for the appellant (defendant).

*Theodore M. Maltbie*, for the appellee (plaintiff).

BALDWIN, J. Each of these actions was originally brought, in 1898, by a complaint following *Form 85* of the Practice Book, and shortly afterward bills of particulars were filed for half of certain sums of money paid on certain notes "upon which the plaintiff and defendant were jointly liable." In 1901, the defendant having died, writs of *scire*

*facias* were issued against the administrator of his estate, who thereupon appeared and made defense. In 1904 an amendment to each complaint was allowed, alleging that the plaintiff and the intestate had indorsed sundry accommodation notes for a corporation, under an agreement that, as between themselves, they should be equally and jointly liable upon any such paper without regard to the order in which the indorsements were made; that the plaintiff had had to pay certain of these notes; and that he had received no contribution therefor.

There was no error in allowing this amendment. *Form 85* was an appropriate general statement of the cause of action, within the meaning of the rule of court existing when the suits were instituted. In each case it was thus averred that on or before a certain date in 1898 the plaintiff paid, laid out, and expended for the defendant the sum demanded in the claim for relief, yet that though said sum was justly due to the plaintiff from the defendant, the defendant had never paid the same. The amendment specified on what account the money was expended and why it was justly due to the plaintiff from the defendant. It thus stated particularly what the original complaint stated generally. If the facts were as the plaintiff claimed, he could fairly say that in paying money for which the defendant was jointly liable with him, he paid it for the defendant. At common law, if the maker of a non-negotiable note paid it to one who claimed to be the owner, when it had in fact been assigned to a third party, the latter could sue the one who received the payment in his own name on the common counts for money had and received to his use. *Camp* v. *Tompkins,* 9 Conn. 545; *Goodrich* v. *Alfred,* 72 id. 257, 261. Similar principles applied to the so-called "count" for money paid. *Post* v. *Gilbert,* 44 Conn. 9, 14–16. The very object of the rules under the Practice Act concerning *Form 85* was to tolerate the use of such general averments under certain conditions. *Dunnett* v. *Thornton,* 73 Conn. 1, 8; *Hoggson & Pettis Mfg. Co.* v. *Sears,* 77 id. 587, 591.

It was denied that the claims in suit were exhibited to

the administrator within the six months limited by the order of the Court of Probate.   As to this, the finding is that within that period his attention was orally called by the plaintiff's attorney to the fact that the plaintiff had a claim against the estate ; that he was then shown the notes by the attorney, and told of these two suits ; that the writs of *scire facias* were issued and served ; and that the administrator entered his appearance in response to them.   From these facts the Superior Court was warranted in the conclusion that a sufficient presentation had been made out.   *Brown & Bros.* v. *Brown*, 56 Conn. 249, 251.   It was not necessary, in exhibiting the claim, to state (unless asked) with any greater particularity how the joint liability arose.

It is contended that there was error in allowing the amendment to be filed, because it contained no allegations of the due presentation of the claim.   That an amendment is so framed that, if demurred to, it might be held insufficient, is not necessarily fatal to its allowance.   The defendant, however, filed not a demurrer but an answer, and on the answer, which set up a failure to exhibit the claim within the period allowed, the issue has been found against him.

Further objection was made to the allowance of each of the amendments, because in each action the amendment filed was the same, and so " there would come to be pending in this court two suits by the same plaintiff against the same defendant for the same cause of action."   In the bill of particulars in each action the notes on which the payments stated were made were particularly described.   Three were included in the bill of particulars in the first action, and a fourth and different one in the bill of particulars in the second action.   While to file the same amendment in each, and that an amendment stating the plaintiff's claim by reason of his payments on account of all four notes, may have been slovenly pleading, it did not render its allowance in either a good ground of appeal.   In each action the plaintiff remained confined to the recovery of the payments specified in the bill of particulars in that action.   The actions therefore were not for the same cause.

It is claimed that there was a variance between allegation and proof, shown by the finding that the plaintiff bought the notes in question from the holder. It appears that he paid as the purchase price their face and part of the interest. All but one were at the time overdue. The judgments appealed from charge the defendant with no more than half the price actually paid.

To hold, under these circumstances, that there was a material variance would be to take quite too technical a view. It was an immaterial variance and properly disregarded. *McNerney* v. *Barnes*, 77 Conn. 155.

None of the other reasons of appeal merit discussion.

There is no error.

In this opinion the other judges concurred.