[Civ. No. 1273. Second Appellate District.—April 23, 1913.]

## FRANK M. CONNOR, Appellant, v. J. W. RIGGINS, Respondent.

BROKER—CONTRACT OF EMPLOYMENT—PLEADING AS WRITING.—Where the owner of real estate, after negotiating without success with a broker for his employment, files a complaint in an action against a third person wherein he alleges that the broker had been employed as agent, this does not constitute a writing within section 1624 of the Civil Code requiring the authority of real estate brokers to be written.

ID.—EXCHANGE OF PROPERTIES—FAILURE OF TITLE—COMMISSIONS.—A broker who is entitled to commissions only in case an exchange of properties is consummated cannot recover commissions where he procures a person to make a contract for the exchange of properties who cannot perform because of want of title. To consummate the exchange means to bring it to completion.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Walter L. Bowers, for Appellant.

Drew Pruitt, for Respondent.

SHAW, J.—This is an action brought by plaintiff as assignee of C. B. Guthrie & Company, a corporation engaged as

a real estate broker in Los Angeles, to recover a commission alleged to be due from defendant for services rendered in effecting an exchange of defendant's real and personal property situated in Los Angeles County for certain real and personal property situated in the state of Texas, belonging to one John T. Sweatt, valued in the exchange at one hundred and fifty-eight thousand five hundred dollars.

Plaintiff appeals upon the judgment-roll from a judgment entered in favor of defendant.

It appears from the findings that about July 1, 1908, defendant went to the office of the corporation and gave J. C. Odell, an employee thereof, a printed folder describing a ranch owned by him in Los Angeles County which he desired to sell or exchange, and wherein it was stated that the owner would allow agents one thousand dollars' commission for a proposition which he might accept, and that agents, except as to the one thousand dollars, must look to their own side for commissions. The name J. W. Riggins was neither written nor printed upon the folder, the address given being "Texas Improvement Co., Covena, Cal." Odell refused to accept the employment or act as agent in effecting a sale or exchange of the ranch, assigning as a reason for such refusal the inadequacy of the compensation therefor. Thereafter, about July 10th, defendant made an oral agreement with plaintiff's assignor whereby he employed the corporation to effect and consummate an exchange or sale of his ranch, together with certain personal property, and agreed that in case said company consummated an exchange of said real and personal property he would pay it a commission of two thousand five hundred dollars. On July 10th Guthrie & Company wrote to defendant, stating in effect that should anything materialize in the deal for the Texas property they would assume, unless they heard from him to the contrary, that he would be willing to pay their commission, as the matter would not be taken up for the commission mentioned in the printed folder. Defendant did not reply to this letter or in any manner indicate that he would or would not pay a commission for services rendered by the company in negotiating a sale or exchange. Thereupon, on July 17th, Guthrie & Company again wrote defendant expressing confidence in its ability to put through "this deal," the nature of which, however, was not stated, and saying: "Will you

kindly write me the agreement for commission which you are going to forward, stating amount, terms agreed upon, etc." On July 18th defendant wrote plaintiff's assignor as follows: "Another thing, he says he would be willing to deal with me in the exchange of tools, implements, etc., the price of one hundred and eighty thousand dollars, including a complete outfit. My lands are priced at a value and the improvements are priced at a value which I stated to you several times did not include anything of personal property on the place." On August 7th defendant wrote Guthrie & Company, saying: "I have in personal property as per list attached $26,900 by actual inventory. The whole thing summed up would amount to my taking Mr. Sweatt's place and he taking mine; if a deal is put in proper shape and signed up subject to my inspection, I will proceed as soon as possible to Ward County." In an action brought by defendant against John T. Sweatt et al. to cancel the deeds and bills of sale whereby he purported to convey to Sweatt his ranch and certain personal property, he filed a complaint, verified by him, wherein it was alleged "that on or about the 10th day of August, 1908, plaintiff employed C. B. Guthrie & Company, a corporation organized and doing business as a real estate agent in the city of Los Angeles, California, to represent him and negotiate this trade for him as the agent of defendant with Sweatt, according to the terms of said contracts, exhibits A, B and C," which contracts in no wise purport to authorize plaintiff's assignor to negotiate the exchange. The court finds that there was no written contract or memorandum in writing made between defendant Riggins and Guthrie & Company, or its agent J. C. Odell, authorizing them to exchange the property of defendant, unless the folder, letters herein set out and the allegation in the complaint filed by Riggins in the action against Sweatt, constituted such authority.

So far as concerns the exchange of defendant's real estate, the letters and allegations contained in the verified complaint filed in the suit of Riggins *v.* Sweatt are insufficient to satisfy the provisions of the statute. (Civ. Code, sec. 1624.) No claim can be predicated upon the matter contained in the folder, for the reason that plaintiff orally and by letter refused to accept its terms. Moreover, it was not subscribed by defendant, nor was his name even printed thereon. While

Guthrie & Company in their letters of July 10th and 17th requested defendant to give them a written agreement covering the payment of commissions for services to be rendered, he ignored such request. His letters contained nothing which could be construed as authorizing them to negotiate the exchange or assenting to the payment of a commission for so doing. The allegation contained in the complaint filed in the suit of Riggins *v.* Sweatt to the effect that defendant employed Guthrie & Company to represent him as agent in negotiating an exchange, is not an acknowledgment that such employment was evidenced by a written instrument signed by him. The court finds that under the issues in that case, it was not necessary to plead the statute of frauds, and since one may by verbal contract employ an agent and authorize him to sell real estate, the only inhibition in the statute being that such agent cannot recover in an action thereon, and since the court finds that an oral agreement was made by defendant authorizing plaintiff's assignor to act as agent, the allegation is consistent with such oral employment; at all events, it cannot be construed as a contract signed by defendant authorizing plaintiff's assignor to effect an exchange of property for a commission, nor the acknowledgment of the execution of one, without which plaintiff is not entitled to recover for services rendered in effecting an exchange of defendant's real estate.

Conceding this to be true, plaintiff insists that he is, nevertheless, entitled to recover commissions upon the value of the personal property, since as to it an oral agreement is sufficient. The findings of the court are such as to preclude such recovery as to the personal property, and the facts in this regard apply with equal force to the right to recover commissions for the exchange of the real estate, even were the existence of a written contract conceded.

The court found that defendant and Guthrie & Company entered into an oral agreement whereby defendant engaged the latter *"to effect and consummate an exchange of the personal property,"* etc., and that by oral agreement defendant *"obligated himself to pay to said company the sum of $2500 only in the event said company succeeded in consummating an exchange of all of defendant's property, both real and personal, set forth and described in the complaint."* It further found that Sweatt and defendant executed a contract whereby

it was agreed that Sweatt should and would cause to be conveyed to defendant certain real estate, choses in action, and other property therein described, and would furnish a good title free from claims and liens other than in the contract specified, in exchange for the property of Riggins therein described. For the purpose of consummating the exchange pursuant to the terms of the contract, Riggins deposited with the representative of Guthrie & Company the deeds and bills of sale required in the transfer of his title thereto to Sweatt, with instructions that the same should not be delivered to Sweatt until an examination of the records and abstract thereof should disclose that Sweatt had good title to the property which he proposed, pursuant to the terms of the contract, to convey to defendant in making the exchange. Notwithstanding these instructions, the representative of plaintiff's assignor, with full knowledge that such examination of the title disclosed the fact that as to a large part of the land Sweatt held no title whatever, and that his title to a large part of the remainder was materially defective, by reason whereof he was unable to convey a good title to defendant, and that it appeared that said lands were subject to liens and encumbrances aggregating a large sum over and above those specified, wrongfully and fraudulently delivered the same to Sweatt. Not only was this so, but it is shown that Sweatt failed in other material and important respects to comply with the covenants contained in the contract on his part the performance of which was necessary to a consummation of the exchange. It thus appears that, eliminating any defense based upon fraud perpetrated by Guthrie & Company through its representative whereby it was sought to divest defendant of title to his property, there was a failure to produce a purchaser ready, able, and willing to make the purchase. Moreover, since the word "consummate" means to bring to completion, and the court found that the oral agreement was to *consummate* an exchange of both the real and personal property of defendant, and "that said trade or exchange of the properties between J. W. Riggins and John T. Sweatt has never been consummated," it would seem clear that plaintiff is not entitled to recover commissions. (*Barber* v. *Hildebrand,* 42 Neb. 400, [60 N .W. 594] ; *Lindley* v. *Fay,* 119 Cal. 239, [51 Pac. 333] ; *Hyams* v. *Miller,* 71 Ga. 608; *Owen* v. *Kuhn, Loeb*

*& Co.* (Tex. Civ. App.), 72 S. W. 432; *Jenkins* v. *Hollings-worth & Tabor,* 83 Ill. App. 139.)

Appellant cites authorities to the effect that where a broker is employed as agent to effect a sale and he produces a person ready, able, and willing to purchase, who enters into a *valid and enforceable* contract with his principal, the agent has done all that is required and he is entitled to his commission, notwithstanding the fact that the principal refuses to exercise his right to enforce the contract. A sufficient answer to this claim is that the contract, as shown by the findings, was not enforceable for the reason that Sweatt had no title to the land; hence, specific performance could not be enforced in an action to compel a conveyance. Defendant could not be required to accept the results of an action for damages in lieu of the land which under the terms of the contract Sweatt had agreed to convey to him. It thus appears that the contract was not enforceable; hence the cases cited are not applicable.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 20, 1913.