[Civ. No. 2218. First Appellate District.—October 15, 1917.]

EDWARD O. ALLEN, Respondent, v. THOMAS F. CHATFIELD, Appellant.

CONTRACTS—PARTIES—CONTRACT TAKEN FOR BENEFIT OF ANOTHER—TRUST.—One who takes a contract in his own name for the benefit of another is a trustee of an express trust and may sue in his own name.

ID.—ASSIGNMENT OF CONTRACT AS SECURITY.—An assignment of such a contract as security for repayment of money advanced creates a lien only, and does not affect the right to sue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Theodore J. Savage, for Appellant.

Lindley & Eickhoff, for Respondent.

KERRIGAN, J.—The object of this action was to recover five thousand dollars paid by the plaintiff to the defendant on account of the purchase of certain real property according to the terms of a written contract.

The facts of the case and the controversy arising out of the transaction, with the exception of the points raised upon this appeal, were fully presented to the supreme court in a former appeal taken herein and determined by that court in a very

34 Cal. App.—50

comprehensive opinion written by Mr. Justice Shaw (*Allen* v. *Chatfield*, 172 Cal. 60, [156 Pac. 47]). A second trial being had, the defendant for the first time raised the point that plaintiff was not the real party in interest, and therefore not entitled to recover. Upon this issue the trial court, upon the evidence introduced, found against the contention of the defendant and gave judgment in favor of the plaintiff for the amount of his demand, from which judgment defendant prosecutes this appeal.

It appears from the evidence without conflict that plaintiff took the contract here involved in his own name but for the benefit of another person; and it is the defendant's contention that such other person is the real party in interest and the one entitled to sue upon the contract and not the plaintiff.

Having taken the contract in his name for the benefit of another, plaintiff became a trustee of an express trust, and was therefore authorized to sue in his name alone. The Code of Civil Procedure, section 369, provides: "An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section." The reason for the exception established by this section of the Code of Civil Procedure readily reaches also the case of an agent contracting in his own name for an undisclosed principal or group of principals.

"The defendant contracted directly with plaintiff as a principal, and in such a case the law allows the agent treated as a principal to sue in his own name on the contract, whether the fact of agency was or was not known to the other contracting party. (1 Chitty on Pleadings, 8; Pomeroy on Code Remedies, secs. 141, 177; Mechem on Agency, sec. 755; *Phillips* v. *Henshaw*, 5 Cal. 509; *Du Bois* v. *Perkins*, 21 Or. 189, [27 Pac. 1044].)" (*Tustin Fruit Assn.* v. *Earl Fruit Co.*, 6 Cal. Unrep. 37, [53 Pac. 693].)

"In code pleading since the year 1848 the trustee of an express trust has stood in all the codes as one of the few exceptions to the rule that a civil action must be brought in the name of the real party in interest." (30 Cyc. 85. See, also, *Martin* v. *Mask*, 158 N. C. 436, 41 L. R. A. (N. S.) 641, and notes, [74 S. E. 343].)

"It [the exception] is intended manifestly to embrace not only formal trusts declared by deed, *inter partes*, but all cases in which a person, acting in behalf of a third party, enters into a written express contract with another, either in his individual name without description, or in his own name expressly in trust for or on behalf of or for the benefit of another, by whatever form of expression such trust may be declared. It includes not only a person with whom but one in whose name a contract is made for the benefit of another." (*Considerant* v. *Brisbane*, 22 N. Y. 389.)

Section 369 of the Code of Civil Procedure of California corresponds with legislation to the same effect found in other states. Under such provisions it has been held that the person in whose name the contract was made might sue to enforce his causes of action from it arising because, while he is not technically what would at common law have been called "a trustee of an express trust," yet the statutes referred to expressly provide that this term should include "a person with whom or in whose name a contract is made for the benefit of another." (*Cremer* v. *Wimmer*, 40 Minn. 511, [42 N. W. 467].)

"It is further argued for the appellant that plaintiff is not the real party in interest, and no facts are stated in the complaint showing him to be the trustee of an express trust, and therefore his action cannot be maintained. We think the complaint sufficient and the action properly brought. A trustee of an express trust is a person with whom or in whose name a contract is made for the benefit of another, and he is authorized to sue without joining with him the persons for whose benefit the action is prosecuted. (Code Civ. Proc., sec. 369.)" (*Walker* v. *McCusker*, 71 Cal. 594, 598, [12 Pac. 723, 725].)

The real beneficiary of the contract might in due time and in his own name have proceeded to secure its benefits, but the rights of the trustee in this respect remained unaffected—being the trustee of an express trust he could also, by virtue of the provisions of section 369 of the Code of Civil Procedure, have maintained a like suit. (*Horseshoe Pier, etc.* v. *Sibley*, 157 Cal. 442, [108 Pac. 308].)

"As the plaintiff held the legal title, it did not concern the defendant whether he held it in trust for Mrs. Townsend or not. So far as concerned the defendant he was the real party in interest and might sue in his own name. (*Walker* v.

*McCusker,* 71 Cal. 594, [12 Pac. 723].)'' (*Anson* v. *Townsend,* 73 Cal. 415, [15 Pac. 49].)

It is true, as claimed by defendant, that prior to the commencement of this action plaintiff had assigned this contract to one E. P. Vandercook; but it also appears that the assignment was made for the purpose of securing repayment to Vandercook of the sum of one thousand dollars advanced by him to be used, and which was used, in making a payment to defendant on account of said contract. The transaction then, while it conferred upon Vandercook a lien, did not vest in him the absolute ownership of the contract, but the plaintiff retained sufficient interest therein to authorize him to sue upon it. ''Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge.'' (Civ. Code, sec. 2924.) It was competent for the plaintiff to show that the so-called assignment was intended to be only a pledge to secure payment of the thousand dollars advanced by Mr. Vandercook. ''The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument.'' (Civ. Code, sec. 2925.)

''Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien.'' (Civ. Code, sec. 2888.) Construing this section, it was held that under the provisions of the Civil Code even a mortgagor giving a chattel mortgage is not thereby divested of his title to the property, but still remains its owner, while the mortgagee has only a lien thereon, citing Civil Code, section 2888, *Bank of Ukiah* v. *Moore,* 106 Cal. 673, [39 Pac. 1071]. (*Shoobert* v. *De Motta,* 112 Cal. 218, 219, [53 Am. St. Rep. 207, 44 Pac. 487].)

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.