[Civ. No. 3679. Second Appellate District, Division Two.—March 8, 1922.]

M. S. RUCKER, Respondent, v. S. M. HUBLER, Appellant.

[1] BROKER'S COMMISSION—PROCURING AGREEMENT OF EXCHANGE—WHEN EARNED.—Under a contract employing a real estate broker "to secure an agreement" for an exchange of real properties, the commission is earned when the agreement to exchange is signed, and is not dependent upon the consummation of the exchange.

[2] ID.—LOT IN PART PAYMENT OF COMMISSION—BREACH—JUDGMENT—REASONABLE VALUE OF LOT.—In an action to recover a commission under an agency contract providing for the conveyance

---

1. When broker has earned commission, notes, 28 **Am. St. Rep.** 546; 139 **Am. St. Rep.** 225; Ann. **Cas.** 1914D, 395.

of a lot in part payment of the commission, a money judgment including the reasonable value of the lot was proper where it was found that the defendant had broken his agreement and refused to convey the lot.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

Victor T. Watkins for Appellant.

Ralph H. Clock and C. C. McWhinney for Respondent.

CRAIG, J.—By this action plaintiff, Rucker, sued to recover six hundred dollars as commission for having represented defendant, Hubler, as agent and having secured the execution of an agreement of exchange of real estate. Concerning this agreement the court found as follows:

"That on, or about, the 11th day of January, 1919, the city of Long Beach, California, the defendant, S. M. Hubler, employed the plaintiff, M. S. Rucker as a real estate broker to secure an agreement for the transfer of the southeast quarter (SE. ¼) of section twenty-two (22), township five south (5 S.), range six (6), Riverside county, California, for certain real property owned by one Samuel Brown described as lot twenty-three (23), Potter's Woodlawn Subdivision, city and county of Los Angeles, for which services the defendant agreed to pay the plaintiff as hereinafter found."

The court further found that plaintiff secured the execution of a written agreement by which one Samuel Brown agreed to exchange his property for defendant's and defendant agreed to accept the same in exchange for that described in the agency agreement. The defense interposed was that Brown did not own the property which he offered to exchange and also refused to carry out the contract which he signed. Appellant contends that the court made no finding upon either of the supposed issues thus presented. In addition to that contained in the finding above quoted, the court in its second finding states, "and on that date the defendant and one Samuel Brown entered into a written

agreement of exchange wherein and whereby the defendant agreed to exchange his property above described for the property owned by Samuel Brown above described." As to the ownership of the property by Brown, it is true that the finding might have been more direct. However, if a finding on that matter were necessary the one made is sufficient.

[1] But Rucker earned his commission when the agreement to exchange was signed by Hubler and Brown. The evidence is not contained in the transcript before us and the findings must therefore be taken to correctly set forth the import of the agreement entered into between plaintiff and defendant. The principal having accepted the customer by entering into an agreement will not be permitted to question the ability or the willingness of the customer to carry out the exchange. (9 C. J. 631, 632; 4 R. C. L. 309.) This contract only required Rucker "as a real estate broker to secure an agreement for the transfer" of the defendant's property in exchange. Under such an agreement the agent's commission is not dependent upon the exchange being carried out. (*Jennings* v. *Jordan*, 31 Cal. App. 335 [160 Pac. 576].) Appellant cites *Connor* v. *Riggins*, 21 Cal. App. 756 [132 Pac. 849]. That decision has no application to the instant case, for the contract expressly provided that the transaction should be "consummated." Neither of the alleged defenses constituted legal defenses and no findings upon them were necessary.

[2] Appellant further complains that the court should not have given judgment for six hundred dollars, but, if at all, the decree should have been that defendant convey a certain lot agreed to be given Rucker as a part of his commission and one hundred dollars. Such a decree would conform to the agency agreement, but the court found that defendant had broken this agreement and refused to convey the lot. The action is not one for specific performance, but for damages. The court found the reasonable value of the lot to be five hundred dollars. This, plus the one hundred dollars stipulated in the contract of agency, makes six hundred dollars for which amount judgment was properly entered.

Judgment affirmed.

Finlayson, P. J., and Works, J., concurred.