[Civ. No. 5519. First Appellate District, Division One.—October 13, 1927.]

D. T. BLODGETT, Appellant, v. LOUIS A. ROWLET et al., Respondents.

D. T. Blodgett, *in pro. per.*, for Appellant.

Heaney, Price & Postel for Respondents.

CASHIN, J.—An appeal from a judgment in an action to recover a commission upon the sale of real estate and for damages.

The defendants filed separate demurrers to the complaint, which were sustained, following which a motion for leave to amend the complaint was denied and judgment entered for the defendants.

Appellant contends that the trial court erred in sustaining the demurrers and in denying his motion for leave to file an amended complaint.

The original complaint alleged that defendant Rowlet was the owner of 4.14 acres of land situated in the Rancho Atascadero in San Luis Obispo County, and that defendants Jeal owned two lots on the corner of Salinas and Carpinteria Streets in the city of Santa Barbara, both parcels being particularly described in the complaint; that Rowlet on or about February 16, 1924, subscribed and delivered to appellant a writing which was as follows: "For the three bungalows on corner of Salinas and Carpinteria I will offer $14,000.00 in the following way: Assuming the $6,000.00 mortgage, put in as payment my 4.14 acres in Atascadero and $8,000.00 in cash on delivery of a clear title excepting the six thousand encumbrance stated above; providing I have no commission whatever to pay on the Atascadero property." That defendants Jeal on February 24, 1924, accepted the above offer, their acceptance being evidenced by a writing signed by them, in which the offer was set forth in terms and the properties described. The acceptance recited that the offer from Rowlet had been "obtained by our agent D. T. Blodgett, salesman with Weinberg and Quick," and concluded with the following: "and we agree to pay our agent D. T. Blodgett a commission of $800." It was further alleged that defendants, with the intent to defraud appellant of the commission, by mutual agreement terminated the exchange agreement and that each released the other from obligation thereunder. Upon the latter transaction, in addition to his demand for the commission, appellant sought to recover

against all of the defendants the sum of $2,000 by way of exemplary damages.

The original complaint failed to allege that appellant was at any time a licensed real estate broker or salesman; and it was clear that no cause of action was stated therein against defendant Rowlet. ■ In the absence of an allegation that appellant was a licensed real estate broker or salesman when the cause of action arose the complaint was insufficient as to all of the defendants, and the demurrers thereto were properly sustained (Real Estate Brokers' Act, secs. 18–20, Stats. 1919, p. 1252; *Haas* v. *Greenwald,* 196 Cal. 236 [237 Pac. 38]; *Firpo* v. *Murphy,* 72 Cal. App. 249 [236 Pac. 968]; *Wise* v. *Radis,* 74 Cal. App. 765 [242 Pac. 90]).

The demurrers, however, were not sustained without leave to amend, no order to that effect having been made; and it was provided by rule of the superior court of Santa Barbara County " . . . when a demurrer to a pleading is sustained, unless otherwise ordered the adverse party shall have ten days after notice in which to amend the pleading demurred to, but the court reserves the right to refuse leave to amend an answer."

So far as shown no notice of the order sustaining the demurrers was given, but appellant, who appeared *in propria persona,* subsequently served and filed a notice of motion for leave to file an amended complaint, the proposed complaint as amended being attached thereto. The motion was presented to the court and leave to file denied, following which on December 15, 1924, the judgment appealed from was entered.

No change in the material allegations of the original complaint with respect to defendant Rowlet appeared in the proposed amendment; and as to him no cause of action was stated. ■ With respect to the other defendants, however, the amended pleading, in addition to the material allegations contained in the original complaint, alleged "that more than one year prior to the first day of March, 1924, plaintiff was constantly engaged as a salesman employed on commission by licensed real estate brokers and was legally licensed to act as such salesman." These allegations were sufficient as against a general demurrer to show a compliance with the Real Estate Brokers' Act; and defendants Jeal having expressly contracted to pay the commission to appellant, the

latter, though an agent, could maintain the action in his own name (*Tustin Fruit Co.* v. *Earl Fruit Co.*, 6 Cal. Unrep. 37 [53 Pac. 693]; *Philips* v. *Henshaw*, 5 Cal. 509; *Allen* v. *Chatfield*, 34 Cal. App. 785 [168 Pac. 1149]; *Kelley-Clark Co.* v. *Leslie*, 61 Cal. App. 559 [215 Pac. 699]; 2 Cor. Jur., Agency, 896, sec. 595; Pomeroy on Code Remedies, secs. 141, 177).

The appellant was not represented by counsel, and as a consequence his proposed pleading contained much that was redundant and immaterial; and while it was insufficient as against defendant Rowlet, as to defendants Jeal, the facts alleged were sufficient, if proven, to support a judgment for the amount of the commission (*Jauman* v. *McCusick*, 166 Cal. 517 [137 Pac. 254]; *Rucker* v. *Hubler*, 56 Cal. App. 771 [206 Pac. 472]; *Goodrich* v. *Turney*, 44 Cal. App. 516 [186 Pac. 806]).

The trial court upon sustaining a demurrer may in its discretion allow an amended complaint to be filed or enter judgment forthwith for the defendant, and its action either way will be sustained on appeal unless there has been an abuse of discretion (*Billesbach* v. *Larkey*, 161 Cal. 649 [120 Pac. 31]). It has been held, however, that such discretion should be liberally exercised in favor of an application to amend (*Galusha* v. *Fraser*, 178 Cal. 653 [174 Pac. 311]); and unless it is clear that the defective complaint cannot be amended so as to obviate the objections made thereto an amendment should be allowed (*Payne* v. *Baehr*, 153 Cal. 441 [95 Pac. 895]).

It is urged by respondents that under the rule of court appellant might have filed the proposed pleading with the clerk without applying to the court for leave, and that the opportunity was still available after the denial of the motion.

If it be conceded that the rule gave the appellant the right to file an amended complaint such right was not affected by the fact that such pleading was offered for filing in open court; and the refusal to allow the same to be filed was in effect a denial of permission to amend. In *Duff* v. *Duff*, 101 Cal. 1 [135 Pac. 437], a refusal of leave to file an amended answer was sustained where the proposed filing presented no new issue or any defense not embraced in the original answer; but as held in the following cases, the right

to amend does not depend upon whether the amended pleading is wholly invulnerable to objection by demurrer or motion to its form or substance, and it is subject to such tests thereafter the same as the original pleading (*Pacific Mills Co.* v. *Inman,* 50 Or. 22 [90 Pac. 1099]; *Pratt* v. *Rhodes,* 78 Conn. 310 [61 Atl. 1009]). ▮ Amendments are allowed in furtherance of justice; and while it is the rule that when a proposed amendment would prejudice the rights of others leave to amend is properly refused, here it is conceded that the right was given by the court rule; and although no cause of action was stated as to defendant Rowlet, as to the others the proposed pleading was sufficient and its filing would have prejudiced no substantial right of the former, whose objections thereto could have been presented by demurrer.

In view of the facts we are of the opinion that the denial of the motion was erroneous; that in furtherance of justice appellant should be permitted to amend as against defendants Jeal; but it being apparent that the complaint with respect to defendant Rowlet was incapable of amendment the judgment as to him should be affirmed. The judgment as to defendants J. W. Jeal and Jessie Jeal is reversed, and as to defendant Louis A. Rowlet it is affirmed.

Tyler, P. J., and Knight, J., concurred.