[Civ. No. 568. Fourth Appellate District.—December 2, 1931.]

MILLARD F. DARROW, Appellant, v. W. B. THAYER, Respondent.

Hert & Withington for Appellant.

Walter J. Hartzell and Fred A. Wilson for Respondent.

MARKS, J.—Appellant brought this action against respondent to recover a real estate commission in the sum of $6,550, which he claimed he had earned. The case was tried before the court without a jury and judgment was rendered in favor of respondent.

The record shows that at the close of appellant's case the trial court, upon motion of counsel for respondent, struck out a large portion of the evidence offered by appellant. For the purpose of clarity in the statement of facts we will assume, but not hold, that this order was erroneous and will incorporate herein some of the facts learned through a perusal of the stricken evidence.

Appellant was, at all times material to this action, a real estate broker duly licensed as such under the laws of the state of California. On March 12, 1928, he brought respondent and B. P. Biggs and Grace E. Biggs together and secured their signatures upon a contract to exchange real estate situated in the state of Missouri and belonging to respondent, for property in the city of Redlands belonging to Mr. and Mrs. Biggs. On that day appellant and respondent signed an agreement in words and figures as follows:

"Redlands Calif

"March 12, 1928

"This agreement made in duplicate this the 12th day of March 1928, by and between W. B. Thayer and Millard F. Darrow, doing business under the name of Consolidated Realty Company, Redlands, California.

"In consideration of making exchange of properties for the above mentioned W. B. Thayer and B. P. Biggs said W. B. Thayer agrees to pay to Millard F. Darrow the sum of Six thousand five hundred and fifty dollars ($6,550.00) for commission in full for both parties.

"It is also understood that any expense involved in the showing of W. B. Thayer's properties, is to be paid by said M. F. Darrow.

"In the event of a Thirty Thousand Dollar loan is consummated through the office of Mr. Darrow in which he is not obliged to pay any commission, there shall be no commission charge to W. B. Thayer. Of course no loan to be issued unless approved by W. B. Thayer.

"In witness whereunto we have here attached our signatures, this day and year above written.

"W. B. THAYER

"MILLARD F. DARROW

"HENRY BLUME
"Witness."

On March 17, 1928, appellant again brought respondent and Mr. and Mrs. Biggs together and a new exchange agreement was executed. The March 12th agreement was destroyed. In this new agreement one parcel of the Missouri property was omitted from the exchange. It was orally agreed between all parties that the commission contract of March 12, 1928, should remain in full force and effect as the contract governing commissions on the exchange of properties under the contract of March 17, 1928.

The record discloses that prior to February 16, 1928, B. P. Biggs and Grace E. Biggs were the owners of the Redlands property subject to a deed of trust. On the last-named date the property was sold under the terms of the deed of trust to the St. Louis Union Trust Company, Robert D. Sterling and H. W. O'Melveny, trustees under the last will and testament of Edward C. Sterling, deceased, who thereupon and thereafter became and continued to be its owners. Appellant entered into negotiations with the trustees for the sale of this property to respondent, and respondent entered into an escrow in a Redlands bank whereby he agreed to purchase the Redlands property from the trustees for the sum of $42,000, payable $20,000 in cash, the balance secured by a note and encumbrance upon the property. The escrow was finally closed and respondent became the owner of the Redlands property under a deed to him executed by the trustees.

Thereafter, on or about April 18, 1928, B. P. Biggs and Grace E. Biggs filed their complaint in the Superior Court of San Bernardino County against W. B. Thayer seeking to enforce specific performance of the March 17th exchange agreement. This case was tried upon the complaint, answer to the complaint, cross-complaint by the defendant and answer thereto by the plaintiff. Judgment was rendered in favor of defendant and against the plaintiffs, refusing specific performance of his contract and refusing to compel

Thayer to convey to Mr. and Mrs. Biggs his Missouri property.

Under this state of the record it is apparent that the terms of the March 17th agreement between Mr. and Mrs. Biggs and Thayer were never consummated, and the exchange of their properties was never completed. In lieu thereof there was a sale of the Redlands property from the trustees to Thayer which was negotiated by appellant.

By the agreement under which appellant claims his commission the consideration was definitely stated as the "making exchange" of properties between W. B. Thayer on the one part and B. P. Biggs on the other. The parties to this agreement must be presumed to have deliberately adopted, and that they intended to be bound by, the terms used in this express written contract. Appellant is certainly bound by its terms and his right of recovery is limited to the promises made by respondent. Appellant must show a performance on his part to entitle him to his commission.

In the case of *Miller* v. *Lerdo Land Co.*, 52 Cal. App. 662 (p. 677) [199 Pac. 1073, 1079], it was said: "It is the general rule that unless there is a provision in the contract to the contrary, a real estate agent employed to negotiate a sale of land earns his commission and it is payable when he produces within the time allowed a purchaser who is ready, willing and able to take the property on the terms prescribed or with whom the owner enters into a contract upon these or other terms satisfactory to him; and the agent cannot be deprived of the agreed compensation because deferred payments are not made by the purchaser, or because other terms of the contract are not carried out. (*Stewart* v. *Bowie*, 43 Cal. App. 751 [185 Pac. 868].) But the parties to an agency contract may make the payment of commission dependent upon any lawful condition. The contract may be so worded as to make it clear that the parties intended that the commissions, or some part thereof, were not to be paid except upon a completed sale, or (as in the case at bar) out of instalments of the purchase money as the same shall be paid by the buyer. (*Shepherd-Teague Co.* v. *Hermann*, 12 Cal. App. 394 [107 Pac. 622].)" The cases of *Connor* v. *Riggins*, 21 Cal. App. 756 [132 Pac. 849], and *Jennings* v. *Jordan*, 31 Cal. App. 335 [160 Pac. 576], are to the same effect.

Under the express terms of his contract appellant can only recover by proving an exchange of the Missouri properties of Thayer for the Redlands property of Mr. and Mrs. Biggs. Instead of proving this exchange, he proved a sale of the Redlands property by the trustees of the estate of Edward C. Sterling to W. B. Thayer. Even though this sale was negotiated by and consummated through the efforts of appellant, it cannot serve as a basis of a recovery of commissions under his agreement with respondent which provided for payment only upon completing the exchange of the properties.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 22, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 28, 1932.