[No. 15401.   Department One.—June 12, 1894.]

## GEORGE W. KELLEY ET AL., RESPONDENTS, v. PATRICK PLOVER, APPELLANT.

FORECLOSURE OF MECHANIC'S LIEN.—PARTIES—TRIAL AS TO OWNER WITHOUT OBJECTION—JUDGMENT.—In an action to foreclose a mechanic's lien against the owner of the building, where the contractors and several fictitious persons were named as defendants, but were not served and did not appear, and no objection was made to proceeding with the trial of the cause, the court is authorized under section 579 of the Code of Civil Procedure to render judgment against the owner, without determining the liability of the other defendants.

ID.—NOTICE OF LIEN—TERMS OF PAYMENT.—Where the claim of lien filed in the recorder's office stated that the terms, time given, and condition of the contract, were "cash on completion of contract," the statement of the terms is sufficient.

ID.—DEFENSE NOT PLEADED—GUARANTY OF CONTRACT—BREACH BY CONTRACTORS.—Where the answer of the owner does not plead as a defense that the plaintiffs had guaranteed the performance of the contract, and that the contractors did not complete the work agreed, and that the work performed was badly done, the owner cannot avail himself of such defense upon appeal, notwithstanding evidence given on his part tending to prove it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Lloyd & Wood,* for Appellant.

The notice of lien does not conform to the statute, as it fails to state the time given and conditions of the contract. (*Hooper* v. *Flood,* 54 Cal. 219.)

*Vincent Neale,* for Respondents.

The notice of lien substantially complies with the requirements of the statute. (*Blackman* v. *Marsicano,* 61 Cal. 638; *Hills* v. *Ohlig,* 63 Cal. 104; *Jewell* v. *McKay,* 82 Cal. 144.)

HAYNES, C.—This action was brought by plaintiffs as copartners, to enforce a lien for materials furnished by

them to the contractors, Kirlan and Brady, for the repair of buildings owned by appellant Plover.

Plaintiffs had judgment, defendant's motion for a new trial was denied, and this appeal is from the judgment and the order denying a new trial.

Kirlan and Brady, the contractors, and several fictitious persons, were named as defendants, but were not served and did not appear, and no disposition of the cause was made as to them.

No objection was made in the court below to proceeding with the trial of the cause, and by section 579 of the Code of Civil Procedure the court was authorized to render judgment against the appellant without determining the liability of the other defendants.

The claim or notice of lien, filed in the recorder's office, contained the following: "The following is a statement of the terms, time given, and condition of said contract, to wit: 50 M. 1½ P. laths, $175." (Stating each item of the claim.)   "Terms cash on completion of contract."

Appellant contends that this statement does not comply with the statute, and cites *Hooper* v. *Flood*, 54 Cal. 219.   There the statement was: "That the terms, time given, and conditions of said contract are and were cash"; and it was held that this statement was not a compliance with the statute; that the word "cash" did not express the terms, time given, and conditions of the contract.   But here the word "cash" is followed by the words "on completion of the contract"; so that the time and manner of payment are expressed; and it cannot be presumed, in the absence of allegation and proof, that these did not include all the conditions of the contract.   In *Tredinnick* v. *Red Cloud Con. Min. Co.*, 72 Cal. 80, the statement was, "that the terms of payment for said labor were cash as soon as said labor was performed."  *Held*, sufficient.

In *Blackman* v. *Marsicano*, 61 Cal. 638, the words were, "Cash upon demand, in gold coin of the United States."   The court distinguished the case from *Hooper*

v. *Flood*, 54 Cal. 219, and held the statement sufficient. See, also, *Hills* v. *Ohlig*, 63 Cal. 104, and *Jewell* v. *McKay*, 82 Cal. 151, 152. The court did not err in admitting the notice in evidence.

The contract between the owner and Kirlan and Brady, below the signatures of the party, had written thereon the following: "We witness and secure the performance of this contract for the second party. Kelley, Hare & Co., pr. J. W. Hodgkin."

The second parties to the contract were the contractors Kirlan and Brady. The defendant gave evidence tending to prove that the contractors did not complete the work they agreed to do, and that the work performed was badly done, and claims that plaintiffs had guaranteed the performance of the contract.

No such defense was set up in the answer, nor was there any finding or request to find thereon, and if there had been, it would have been outside of the issues. No other points are made by appellant.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.