[L. A. No. 651. Department One.—July 19, 1900.]

FARMERS' EXCHANGE BANK, Appellant, v. MARY E. MORSE et al., Respondents.

Joint Note—Benefit from Consideration—Presumption of Joint and Several Promise—Construction of Code.—Section 1659 of the Civil Code, which provides that "where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several," cannot be construed to mean that the parties, though receiving some benefit from the consideration, may not create a joint liability upon a note expressly made joint and intended to be joint only, as provided for in section 1430 of the same code.

Id.—Presumption, When Inapplicable.—The presumption of a joint and several promise does not apply where there is an express joint obligation, in the absence of any facts to show a contrary intention.

Id.—Presumption Overcome—Express Agreement for Joint Note.— Where parties having several undivided interests in lands covered by several judgments of foreclosure expressly agreed with each other, in consideration of a conveyance of the mortgaged lands to a trustee to be conveyed to them severally in proportion to their interests, upon payment in full, to execute a joint note for the aggregate amount of the judgments, such express agreement overcomes the presumption of a joint and several promise, and the joint promise of such joint note must be enforced according to its terms.

Id.—Action Upon Joint Note—Parties.—In an action upon a joint note upon which there is no several liability, all of the joint makers must be joined as parties defendant.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion.

Otis, Gregg & Hall, and Otis & Gregg, for Appellant.

C. C. Haskell, H. Conner, and Rolfe & Rolfe, for Respondents.

CHIPMAN, C.—Action on promissory note. Defendants demurred to the complaint; the demurrers were sustained, and plaintiff declining to amend, defendants had judgment, from which plaintiff appeals. The grounds of the demurrers were insufficiency of facts, defect, and nonjoinder of parties defendants, and the statute of limitations. The note sued upon was in form the joint note of eight persons. Three of these joint makers, viz., G. E. Drew, H. L. Drew, and Charles J. Perkins, were not made parties to the action.

The complaint sets forth a series of agreements contemporaneous with the execution of the note, which explain the history of its execution. Plaintiff had caused the foreclosure of certain mortgages against the makers of the note, except as to one maker, Mrs. Atwood, who signed subsequently; the bank also held another mortgage which it was about to foreclose against these parties. The agreement recites that the bank is desirous of giving these persons further time to pay the sums referred to. It then recites: "We, and each of us, agree one with the other, in consideration of the extension of time to pay, etc., to sign a joint note, payable to said Farmers' Exchange Bank, for the aggregate sum total of said judgments, . . . . and take said lands so mortgaged, subject to the agreement of the said bank above referred to (an agreement for further time) in the proportions as follows." Then follow the names of the parties and the proportions undivided by which they were to hold the lands.

A trustee was chosen to hold the title and to sell and convey the lands and pay the proceeds to the bank, and it was provided that when said note (the note in suit) was fully paid, the trustee should convey the remaining lands to the parties in the proportions named. This agreement was dated February 20, 1892, and was acknowledged February 24th. As part of the same transaction an agreement was entered into by the bank and these same parties at the same time, by which the bank agreed

to bid in the mortgaged property and assign the certificate of sale to the trustee agreed upon in the former agreement, and the same parties as before agreed "each to sign a joint note for the aggregate amounts above referred to . . . . in favor of the Farmers' Exchange Bank," etc., and it was agreed that the lands should be sold by the trustee, and the bank agreed to credit the proceeds on the note, and the trustee was to convey the remaining unsold lands to the parties in the proportion agreed upon, as already stated. It is alleged that as a part of the same transactions and contemporaneously therewith the note in question was executed and delivered. At the same time the parties conveyed to the trustee. On October 22, 1892, the two Drews and Perkins conveyed to Mrs. Jane Atwood a certain portion of their interest in the lands, and she in turn agreed to sign the note already referred to, and in the recitals of her agreement the note is referred to as joint and several. At the same time Mrs. Atwood executed, acknowledged, and caused to be recorded a statement that she had been permitted to redeem the interest acquired by her through the Drews and Perkins, in consideration of which she agreed to sign the note referred to, and agreed also to the terms of the former agreements between the various parties, and thereupon signed the note. The complaint then recites several successive sales by the trustee and the credits of the proceeds on the note, leaving a balance unpaid of five thousand three hundred and seventy-four dollars and fifty-two cents. It is alleged that prior to the commencement of the action Perkins was discharged from all his debts as an insolvent debtor, and that Mrs. Kane, one of the makers of the note, not made a defendant by her administrator or otherwise, died before the suit was commenced. Appellant claims that the suit can be maintained on the note as joint and several, and that section 1659 of the Civil Code applies, which reads as follows: "Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

Section 1430 of the Civil Code provides: "An obligation imposed upon several persons, or a right created in favor of several persons, may be: 1. Joint; 2. Several; or 3. Joint and several." Section 1659 was intended to accomplish just what it

says, i. e., where all the makers of a note, for example, received some benefit from the consideration, and the fact is made in some way to appear, the law raises the presumption that the promise is joint and several. In this case all the parties did receive some benefit from the consideration, and the presumption follows. But this section of the code cannot be construed to mean that the parties, though receiving some benefit from the consideration, may not create a joint liability; section 1430 expressly says they may create such a liability. Where it appears that the parties received some benefit from the consideration, and nothing further is shown from which their intention can be ascertained, the law steps in and makes the promise joint and several. But where it clearly appears that such was not the intention of the parties, and it clearly appears, on the contrary, that the intention was that the promise should be joint, the presumption is overcome, and the promise must be enforced according to its express terms.

Appellant cites *Yorks v. Peck*, 14 Barb. 647, where it was said: "Where a note is made by two persons, which in terms is joint only, upon the death of one of the makers the surviving maker only is liable on it, unless it appears by direct proof, or the facts of the case warrant the inference, that the parties intended that it should be joint and several." (Citing several cases.) The opinion proceeds: "If such an intention is expressly proved, or may be inferred from the transaction, the note will be treated as if it was joint and several, and in that case the personal representatives of the deceased maker are liable for its payment. (Same cases.) In all cases of a joint note given upon a joint loan of money or a joint liability of any kind, it will be presumed it was intended the note should be several as well as joint, and effect will be given to it according to that intention." We think this decision states what our code provision was intended to mean, namely, that an obligation in form joint must be so treated unless there is direct proof, or there are facts warranting the inference, that the parties intended it should be joint and several. Appellant says in its reply brief: "We concede at once that the phraseology of the contracts and note show that the obligation is a joint obligation." But it is contended that "it appears from the transactions entered into between the par-

ties, coupled with section 1659 of the Civil Code," that the obligation is several as well as joint. We are unable to discover anything in the complaint from which an inference can be drawn that the parties intended to make the obligation several. On the contrary, the agreements are in terms joint, and in them it is stipulated that the note shall be joint, and the note is in terms joint. We can see no ground for indulging the presumption of the statute. The recital in the paper acknowledged by Mrs. Atwood long after the other agreements were entered into and the note was executed cannot change the purport of the note. In this same paper she confirmed the previous agreements and signed the note as we find it.

Mr. Pomeroy says: "When the liability is joint, all the persons upon whom it rests must be united as defendants in an action brought upon the contract. This rule is general and applies to undertakings, obligations, and promises of all possible descriptions." (Pomeroy's Code Remedies, sec. 271.)

In *Harrison v. McCormick*, 69 Cal. 616, it was said: "The rule is well settled that several persons contracting together with the same party for one and the same act shall be regarded as jointly and not as individually or separately liable, in the absence of any words to show that a distinct as well as entire liability was intended to fasten upon the promisors" (citing Civ. Code, secs. 1430, 1431); and it was also there said: "It is well settled that parties to a joint contract must all be made defendants." (Citing Code Civ. Proc., sec. 382.) The presumption stated in section 1659 of the Civil Code may be regarded in the nature of an exception to the rule, where the facts exist therein referred to. But, as we have seen, this presumption does not prevent the parties from entering into a joint obligation, nor does it apply where there is an express joint obligation in the absence of any facts to show a contrary intention.

The judgment should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Van Dyke, J., Garoutte, J.