[L. A. No. 1173.   Department One.—October 8, 1903.]

MINNIE E. GUMMER, Administratrix, etc., of Estate of
   William Barrows, Deceased, Appellant, v. O. I. MAIRS
   et al., Respondents.

VENDOR AND PURCHASER—CONTRACT OF SALE—ACTION FOR PURCHASE
   MONEY—JOINT AND SEVERAL PROMISE—PRESUMPTION.—In an action
   against one only of two purchasers, under a contract for the sale
   of land, in which the two purchasers have an equal interest as
   tenants in common, their promise to pay the purchase money must
   be presumed to be joint and several, under section 1659 of the Civil
   Code, in the absence of evidence to show a contrary agreement.

ID.—DEMURRER TO COMPLAINT—CONDITIONS IN CONTRACT—LITIGATION—
   DELAY—MATTER OF DEFENSE.—Where the complaint shows the title
   was in litigation and a supposed outstanding title actually belonged
   to the vendor, and was included in the litigation, and shows an
   agreement that the vendor should procure a renunciation of the
   adverse claim or procure a dismissal of the suit within a reasonable
   time, and the suit was finally adjudged in favor of the vendor's
   title, the fact of long delay in allowing the suit to stand, is matter
   of defense, and does not render the complaint subject to a general
   demurrer.

APPEAL from a judgment of the Superior Court of Inyo
County.   Walter A. Lamar, Judge.

The facts are stated in the opinion.

P. F. Gosby, F. C. Scherrer, and D. W. Herrington, for Appellant.

Bicknell, Gibson & Trask, P. H. Mack, and R. S. Miner, for
O. I. Mairs, Respondent.

HAYNES, C.—The complaint states two alleged causes of
action; the first to foreclose a mortgage, and the second upon
a contract in writing for the payment of five thousand dollars as part of the purchase price of certain land, upon certain contingencies therein stated.   Defendants' demurrer was
overruled as to the first cause of action, and sustained as to
the second, and plaintiff not having amended said second
cause of action, judgment thereon was entered against her,
and she appeals therefrom.   On January 22, 1887, plaintiff's

testator, William Barrows (since deceased), was the owner in fee of several parcels of land, described in said complaint, and on that day sold and conveyed the same to defendant O. I. Mairs and one W. S. Enos, since deceased.

At the time of making said sale and conveyance an action affecting the title to said lands was pending in the superior court of Inyo County, wherein R. C. Broder et al. were plaintiffs, and A. R. Conklin et al., including said O. I. Mairs, were defendants. In 1879 John Broder was the owner of the lands described in the complaint, and in that year he became insolvent, and his assignee conveyed said lands to A. R. Conklin, who afterwards conveyed to the testator, Barrows, who thereafter conveyed to said Mairs and Enos.

It was further alleged that one Nancy C. Babbitt claimed to own an undivided one ninth of certain parcels of said land; that in view of the pendency of said suit and of the Babbitt claim, Mairs and Enos were unwilling to become bound for the full price of $17,500 for said lands, but paid part of the purchase money and executed and delivered to Barrows their agreement in writing, a copy of which, so far as material, is as follows:—

"We, W. S. Enos and Omie I. Mairs, of the county of Inyo, state of California, having on this day purchased of William Barrows the following described lands" (describing them), "hereby agree to pay said Barrows the additional sum of $5,000 in addition to the amount already paid and the amount secured by mortgage of even date herewith, upon said Barrows procuring a renunciation of all the right, title, and interest" (reciting the claims in suit and the claim of Nancy Babbitt). "Witness our hands and seals on this 22d day of January, 1887. W. S. ENOS (seal); O. I. MAIRS (seal)."

It is further alleged that Mairs has purchased all the interest of Enos in said lands, and is now the sole owner thereof; that said litigation has been ended by a final judgment sustaining the title of Barrows, and that the title of Nancy Babbitt has been vested in Mairs.

Upon this cause of action the plaintiff prayed for judgment against Mairs for said sum of five thousand dollars and interest, and, if not paid, that the land, or a sufficient portion of it, be sold, etc.

Several grounds of demurrer are stated, but respondent condenses them to two. "First: That there is a defect of parties defendant in not joining W. S. Enos, the co-obligor, or his representative, with defendant Mairs upon the joint contract sued on. Second: That said second cause of action does not state facts sufficient to constitute any cause of action against defendant Mairs."

1. Respondent contends that the contract upon which the second cause of action is based is a joint obligation, and that Enos or his personal representative should have been joined with Mairs as plaintiff. In support of this contention he cites Civil Code section 1431, which provides: "An obligation imposed upon several persons, or a right created in favor of several persons, is presumed to be joint, and not several, except in the special cases mentioned in the title on the interpretation of contracts. This presumption, in the case of a right, can be overcome only by express words to the contrary."

The "special cases" above mentioned are found in section 1659 of the same code. That section provides: "Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

In this case the consideration for the promise inured to the benefit of Enos and Mairs equally. They purchased the whole of the land, each taking an equal interest, and were tenants in common, and the "presumption," therefore, is, that their promise was "joint and several." It is quite true that, notwithstanding the consideration moving to each was the same, the contract might have been made a joint contract by an express statement or agreement to that effect, but in the absence of evidence showing a contrary intention, the presumption stated in said section 1659 must control.

Respondent cites in support of his contention the cases of *Harrison* v. *McCormick,* 69 Cal. 620, and *Farmers' Exchange Bank* v. *Morse,* 129 Cal. 239. Those cases are not inconsistent with our conclusion. In the first of these cases the action was against a copartnership consisting of three persons, only two of whom were made defendants, and it was held that the contract was joint, and all the partners should have been joined, or the copartnership sued in the partnership name, the liability of partners being joint.

The reasoning of the second of said cases sustains appellant's contention. In the opinion it was said: "Where it appears that the parties received some benefit from the consideration, and nothing further is shown from which their intentions can be ascertained, the law steps in and makes the promise joint and several." That case was upon a note executed by several persons, and speaking of that note it was said: "We are unable to discover anything in the complaint from which an inference can be drawn that the parties intended to make the obligation several. On the contrary, the agreements are in terms joint, and in them it is stipulated that the note shall be joint, and the note is in terms joint. We can see no ground for indulging the presumption of the statute." The above quotations from *Farmers' Exchange Bank* v. *Morse*, 129 Cal. 239, clearly point the distinction between that case and this.

2. We think the general demurrer to the complaint is not well taken. Upon this point it is claimed that plaintiff has not shown a performance of the conditions precedent in the contract by securing a renunciation of the interest involved in the suit of Broder et al. *v.* Conklin et al., or a dismissal thereof, or that they procured a conveyance of the outstanding title of Nancy C. Babbitt.

At the time Barrows sold to Mairs and Enos, the title to the land was in litigation, and had been for many years. Mairs was a party to that suit. It also appears from exhibit B that Nancy Babbitt was supposed to hold title to an undivided one ninth of certain parcels of the land included in the conveyance from Barrows to Mairs and Enos; but in the complaint it is alleged that her interest had been conveyed to Broder, and was included in the conveyance by Broder to Conklin, and Conklin to Barrows. It, therefore, appears that the supposed Babbitt title was involved in the Broder-Conklin litigation, and that Barrows in fact held the title to that interest at the time he conveyed to Mairs and Enos, so that the final judgment in Broder et al. *v.* Conklin et al. was conclusive of the title of Mairs and Enos to the interest at one time vested in Nancy Babbitt. Counsel for respondent refers to an allegation which seems to be to the effect that the Babbitt title was not conveyed to Mairs and Enos.

But the succeeding sentence shows that the pleader intended to allege that the parties believed, at the time the contract was made, that Barrows did not have the Babbitt title, and, consequently, that it had not been conveyed, but was to be procured by Barrows. It was wholly immaterial to Mairs and Enos whether the Babbitt title was procured by Barrows after the executory agreement was made, or whether he already had the title, but was not aware of the fact, and believed it was outstanding in another. It is also argued by respondent that the agreement was, that Barrows should procure a renunciation of the adverse claims or procure a dismissal of the suit within a reasonable time, but allowed it to stand eleven and a half years. That is a matter of defense. There was no special demurrer, except as to the supposed defect of parties. It may be that the complaint could be rendered more certain in some respects, but we think it is not obnoxious to a general demurrer. The question whether the vendor's lien, if any existed, was waived by taking a mortgage for part of the purchase money does not arise upon this appeal.

The judgment appealed from should be reversed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Shaw, J., Angellotti, J., Van Dyke, J.