[L. A. No. 1682. In Bank.—April 2, 1907.]

## G. S. BELL, Respondent, v. SAMUEL B. ADAMS, Appellant; and MRS. NELLIE WILLIAMS, and JOHN T. WRIGHT, Respondents.

PLEADING—COMPLAINT ON JOINT AND SEVERAL CONTRACT—TRIAL AND JUDGMENT AGAINST ONE DEFENDANT.—A complaint in an action against several defendants, alleging the employment of the plaintiff, and that the defendants agreed to pay him for his services the reasonable value thereof in a sum specified, is based upon a joint and several contract, and under sections 414 and 579 of the Code of Civil Procedure, the court was authorized to proceed with the trial against a single defendant who had voluntarily appeared, and to render judgment against him.

ID.—DENIAL OF CONTRACT BY SINGLE DEFENDANT—SUFFICIENCY OF FINDINGS.—In such an action, where the defendant appearing separately answered, denying the contract as set out, and denying that he ever agreed to pay for such services, or that they were ever rendered, or that they were of the value alleged or any value in excess of a smaller sum which was claimed to have been paid, findings that the contract set out was entered into between the plaintiff and the defendant appearing, and that such defendant agreed to pay the reasonable value of the services, and that the same were rendered and were of the value as alleged in the complaint, and that such defendant had paid no part thereof, are not at variance with the issues raised by the pleadings, and are sufficient to sustain a judgment against such defendant.

ID.—APPEAL FROM JUDGMENT—FINDING OF NON-PAYMENT BY SINGLE DEFENDANT.—Upon an appeal from the judgment upon the judgment-roll alone, the language of findings is to be given the broadest possible meaning, whenever it is necessary to do so in order to support the judgment; and the finding that the defendant who had appeared had not paid for the services is equivalent to a finding that the same had not been paid, either by himself in person or by his co-obligors.

ID.—STATUTE OF LIMITATIONS—WHEN FINDING UNNECESSARY.—No finding on a plea of the statute of limitations is necessary to support a judgment against the defendant, where the admitted facts demonstrate that a finding thereon could not have been otherwise than against him.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Hubert T. Morrow, Oscar C. Mueller, and Sidney J. Parsons, for Appellant.

C. C. De Garmo, and E. H. Wilson, for Respondent.

SHAW, J.—This case was transferred to the district court of appeal of the second district, and that court being unable to agree upon a decision, it was again transferred to this court. The following opinion prepared by Mr. Justice Allen of that court meets with our approval, and is adopted as the opinion of this court:—

"Appeal by defendant Samuel B. Adams from a money judgment rendered against him alone in favor of the plaintiff.

"The complaint alleges a contract between plaintiff and defendants, by which plaintiff was to manage and operate certain mines belonging to the defendants, for which services defendants agreed to pay the reasonable value thereof, which is alleged to be four thousand dollars, whenever the defendants sold the mines. It is further alleged that within a year preceding the bringing of the action defendants sold said mines. Non-payment of such claim for services is alleged. Service of process does not appear from the record to have been made upon any of the defendants. Defendant Adams, however, appeared and answered separately, denying the contract as set out, and denying that he ever agreed to pay for such services, or that such services were ever rendered, or that the same were of the value alleged, or any value in excess of seven hundred and ten dollars, which amount is claimed to have been paid; admits the sale of the mines as alleged. A plea of the statute of limitations is also interposed.

"The trial court found that the contract set out was entered into between plaintiff and defendant Adams, and that Adams agreed to pay therefor the reasonable value of the services rendered, when the mines were sold; that the same were rendered as alleged in the complaint, and were of the value of four thousand dollars; and that said Adams had paid no part thereof. Judgment was rendered accordingly.

"The principal point relied upon by the appellant is that the action being against all defendants jointly, the findings do not respond to the case made by the pleadings, in that they do not find as to the making of a contract, or the per-

formance of services, or non-payment as alleged; nor is there any finding upon the issue of the statute of limitations. The joint ownership by defendants of the mines, their sale, and the agreement of defendants to pay for the services of the plaintiff are not denied; the denial in the last regard being merely that Adams did not agree to pay therefor. The contract set out in the complaint was joint and several. (Civ. Code, sec. 1659.) Section 414 of the Code of Civil Procedure provides that when the action is against two or more defendants, jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed to judgment against the defendant served, etc. No objection appears from the record to have been made in the court below to proceeding with the trial as against the answering defendant alone; and under section 579 of the Code of Civil Procedure the court was authorized to render judgment. (*Kelly* v. *Plover,* 103 Cal. 36, [36 Pac. 1020].) The precise question involved here was decided adversely to appellant's contention by this court in *McKee* v. *Cunningham,* 2 Cal. App. 684, [84 Pac. 260].. Nor is such decision in conflict with the various decisions cited by appellant, which have reference to the character of the action as applied to its subject-matter. The admitted facts demonstrate that the findings as to the statute of limitations could not have been otherwise than against appellant; they establish the conclusion that the statute has not run, and a finding thereon was not necessary to support a judgment. (*Lewis* v. *Adams,* 70 Cal. 403, [59 Am. Rep. 423, 11 Pac. 833] ; *Winslow* v. *Gohransen,* 88 Cal. 451, [26 Pac. 504].) The finding of the court as to non-payment is positive as to the appellant-defendant, which must be taken as including payment by him, or by any other person for him or his benefit, either associated with him in the joint enterprise or otherwise.''

A more particular statement than is made in the foregoing opinion will show that there is no variance with respect to the contract alleged and that stated in the findings. It is not necessary in every case that there should be findings upon all the allegations of the complaint. The findings must respond to the issues only, and the true rule is that there must be a finding upon every material fact alleged in the complaint and controverted by the answer, provided it is necessary to

support the judgment rendered in the action. The findings in this case conform to this requirement. The complaint alleges that "the *defendants* agreed to pay plaintiffs" for the services,—that is, in effect, that all three defendants so agreed. The answer denies that the defendant Adams so agreed, and is silent in regard to the fact that the other defendants agreed to pay. Every fact not denied by the answer is admitted to be true, and hence the case was submitted with the admission that the other two defendants had agreed as alleged, leaving the court to find only as to whether or not Adams had agreed. The finding that Adams did agree to pay the plaintiff exactly covered the issue in this respect, so that, together with the admission, it was fully established that all the defendants had agreed as alleged in the complaint. As Adams alone had then appeared, judgment was properly given against him alone.

With respect to the finding of non-payment, the rule applies that upon an appeal from the judgment, upon the judgment-roll alone, the language of the findings is to be given the broadest possible meaning, whenever it is necessary to do so in order to support the judgment. If, by any usage of the English language, the finding that Adams has not paid for the plaintiff's services can be construed to imply that the debt to the plaintiff remains unpaid, then upon this appeal the finding is sufficient on that point. A payment by one joint obligor is, in contemplation of law and so far as the obligee is concerned, a payment by all. Each joint obligee is in law the agent of the others to make such payment. If one of the others had in fact paid the plaintiff, he would have paid for Adams as well as himself, and it would be a legal truth that Adams had paid. So the statement that Adams has not paid, in its broadest sense, is a statement that he has not paid either in person or by his co-obligors. So understood, it means that none of them has paid, and that the debt remains unpaid. This form of statement might be insufficient in a pleading, if the objection were raised by demurrer, but it is sufficient in a finding upon an appeal from the judgment-roll alone.

The judgment is affirmed.

Sloss, J., Angellotti, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.