[Civ. No. 3035.  Third Appellate District.—April 12, 1927.]

H. E. WEBB, Respondent, v. ARMAND CASASSA et al., Executors, etc., Appellants.

[1] CONTRACTS — SHIPMENT OF GRAPES — FAILURE TO PROCURE CARS— REASONABLE DELAY — ACQUIESCENCE — EVIDENCE. — In this action for damages for breach of a grape shipping contract, in which the defendants, by affirmative defense and by cross-complaint, pleaded alleged failure of plaintiff to procure cars in which to ship the grapes when same were ready for shipment, as the result of which the grapes were required to be sold to others at a stated loss, there was nothing in the testimony offered by defendants to show a failure of performance of the contract on the part of plaintiff, but it appeared rather that the growers acquiesced in plaintiff's suggestion that the shipment of grapes be delayed, owing to depressed market conditions and the fact that rain fell just as the grapes were ready to ship; neither did it appear from the evidence that shipments were unreasonably delayed.

[2] ID. — JOINT AND SEVERAL CONTRACT — PRESUMPTIONS — EVIDENCE —ACTION FOR DAMAGES FOR BREACH—PARTIES.—Where said grape shipping contract was executed by the owner of the grape vineyard and his lessee, who was working the place on a crop-share basis, and concurrently therewith, and as a part thereof, they executed another contract or writing relating to the sale and delivery to them by plaintiff of certain box shook, and said contract is in the singular throughout, it must be presumed, in the absence of evidence to the contrary, that the obligations under said shook contract are joint and several; and in an action for damages for breach of said contract, the said lessee is not a necessary party defendant.

[3] ID. — ASSIGNMENT OF ACCOUNT FOR SECURITY — SUBSEQUENT ACTION—PARTIES—NONJOINDER—WAIVER.—Where the account for the shook sold under said contract is assigned in writing as collateral security, the assignor still has an interest therein, and where thereafter said assignee instructs ' the assignor to collect the account, but makes no reassignment thereof, said assignor is a proper party plaintiff, though not a necessary party; and where said assignor brings action on said account in his own name, without making said assignee a party, and the fact of said assignment is known to defendants, but an objection on the ground of nonjoinder of a necessary party is not presented in the manner prescribed by the code for presenting such an objection, such objection is waived.

---

(1) 35 **Cyc.**, p. 187, n. 78.   (2) 24 **C. J.**, p. 807, n. 18.   (3) 5 **C. J.**, p. 1005, n. 34, p. 1012, n. 33.

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellants.

H. T. Kyle for Respondent.

FINCH, P. J.—During the year 1923 Domenico Casassa was the owner of a vineyard near Santa Rosa, which he had leased for that year to A. Finocchio, the returns from the vineyard to be divided between the parties to the lease. In August of that year Casassa and Finocchio entered into

2.  See 6 Cal. Jur. 342.
3.  See 20 Cal. Jur. 488–491, 573.

an agreement with the plaintiff, designated as a ''grape shipping contract,'' and providing, among other things, as follows:

''The undersigned grower hereby authorizes and instructs H. E. Webb, . . . as his agent to arrange for the loading in cars of the grapes hereinafter specified, to procure loading materials, to employ loading labor, to arrange for state and federal inspection and to market said grapes upon the terms hereinafter stated. . . . The grower agrees to harvest said grapes properly and to deliver them into cars at any shipping point to be designated by the said Webb within reasonable hauling distance from above mentioned premises.''

The agreement provided for the payment to the plaintiff of a commission for his services. It was signed by Casassa and Finocchio and also by the plaintiff. Casassa and Finocchio executed another instrument reading as follows:

''In consideration of the sale and delivery of certain shook to me by H. E. Webb of the agreed value of $437.50, receipt of which is hereby acknowledged, I hereby sell and agree to deliver to the said Webb—delivery to be made F. O. B. cars, in containers and condition as provided in a certain grape shipping contract . . . heretofore made by me with the said Webb—such quantity of the grapes described in said grape shipping contract . . . as shall amount in net value, at the current platform price at time and place of shipment, to the said above mentioned sum agreed upon as the purchase price of said shook. Delivery under this sale shall comprise all of the grapes picked by me during the 1923 season beginning with the first, until sufficient quantity shall have been delivered to discharge this contract.

''No. 3500 at 12½¢.

''Signed: D. CASASSA, Grower.
''A. FINOCCHIO.''

No grapes were delivered to the plaintiff under either contract, but Casassa and Finocchio sold their grapes to other persons. The plaintiff delivered shook to them as provided for by the second contract. The complaint alleges that Casassa and Finocchio refused to perform the terms of the first contract, to plaintiff's damage, and also that they

refused to pay the amount specified in the second contract, and prays for judgment in accordance with such allegations. Copies of the contracts are attached to and made a part of the complaint. The answer does not deny the execution of the contracts. It does deny the alleged purchase of grape shook. It admits that no grapes were delivered to the plaintiff, but alleges that the "plaintiff was not to receive such grapes until arrangements had been made for cars in which to ship the same and that the said plaintiff failed and neglected when said grapes were ready for shipment and market to procure necessary cars for the shipment thereof and by reason thereof the said D. Casassa and the said A. Finocchio were compelled to and did sell the grapes . . . at a loss of nine hundred dollars, more or less." Substantially the same facts are alleged by way of cross-complaint, and judgment for defendants is demanded in the sum of $900. Casassa died subsequent to the transactions stated and a claim against his estate was presented by the plaintiff for the amount herein demanded, but the same was not allowed by the defendant executors.

[1] The court found that Casassa and Finocchio refused to deliver their grapes to the plaintiff, as provided in the first contract, but that "the amount of profit which this plaintiff would have gained from a full performance of said contract upon both sides does not appear"; that Casassa and Finocchio purchased from plaintiff "3500 grape shook at the agreed price and value of 12½ cents apiece, aggregating the sum of $437.50; . . . but the said Casassa and Finocchio never did deliver any grapes to this plaintiff, and never did pay any part of the agreed value of said shook." The court found against the defendants on their cross-complaint. Judgment was entered in favor of the plaintiff for the sum of $437.50, the agreed price of the shook. The defendants have appealed from the judgment.

The evidence is not only sufficient to support the finding that the allegations of the cross-complaint are untrue, but wholly insufficient to support a finding that they are true. There is evidence to the effect that the shipping season for grapes, in the Santa Rosa district, opened about September 20, 1923; that rain fell on the following day and for a few days thereafter; and that "the grapes, after being rained on would not reach their eastern destination in a market-

able condition." Finocchio testified: "Q. Did you and Mr. Casassa go to see Mr. Webb? A. One time. . . . I went down there Sunday morning, and he said he was going to open in a few days. . . . After that I waited, and about four or five days, and I went down there myself, and I don't find nobody. . . . And I waited four or five days more, and I go again and I don't find nobody. . . . I didn't see him no more." Appellants say that the Sunday referred to by the witness was September 16th. Defendant Dominic W. Casassa testified: "I went . . . with my father to see Mr. Webb on account of the grapes were right to ship. . . . He . . . told Mr. Webb . . . he wanted to know what he was going to do about the grapes, that the grapes on hand now were ripe and he wanted to know what he was going to do about them. So Mr. Webb said that he had not found any price on the eastern market yet, and as soon as he could possibly find any prices that he would let my father know. . . . After three or four days . . . I met him (Webb) at his home again. . . . I asked him then what his intentions were; that my father wished to know. And he said, until then he hadn't none, but in a day or so, he could find out, and would let my father know." The witness testified that the time he and his father went to see Webb was five or six days before the first rain. Mrs. Webb testified that five or six days after the heavy rain Mr. Casassa, Sr., and either Finocchio or Casassa's son called at plaintiff's place of business and "Mr. Casassa wanted to know when Mr. Webb would be ready to ship again, and Mr. Webb told him, just as soon as the grapes were dry and in marketable condition, he would be glad to ship. And he told him that he must leave them on the vines a few days to let them dry out thoroughly. . . . And then Mr. Casassa asked what the market price was, and Mr. Webb told him. . . . It was very low, I think it was between thirty-five and forty F. O. B. And Mr. Casassa shrugged his shoulders and said that he thought he could do better, and that he would wait a while. And Mr. Webb says, 'Just as soon as your grapes are ready, let me know and I will take care of you.' . . . He left, saying he would notify Mr. Webb." Plaintiff offered himself as a witness, but, on objection by defendants, based upon the provisions of section 1880 of the Code of Civil Procedure, he was not permitted to

testify. There is nothing in the foregoing testimony to show a failure of performance of the contract on the part of the plaintiff. It appears rather that the growers acquiesced in plaintiff's suggestion that the shipment of grapes be delayed. Neither does it appear that shipments were unreasonably delayed.

[2] Appellants contend that the shook contract is joint and not several and that, therefore, Finocchio is a necessary party. Since Casassa and Finocchio were both interested in the crop of grapes in question, they both received the benefit of anything done for their preservation and preparation for market. "Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several." (Civ. Code, sec. 1659.) The contract in question is in the singular number throughout. "A promise, made in the singular number, but executed by several persons, is presumed to be joint and several." (Civ. Code, sec. 1660.) Appellants rely on the case of *Farmers' Exchange Bank* v. *Morse*, 129 Cal. 239 [61 Pac. 1088]. There is nothing in that case to sustain their contention. The presumptions mentioned in sections 1659 and 1660 are disputable. In the case cited the obligation was expressly joint and, of course, the express intention of the parties overcame the presumption that the promise was joint and several.

[3] Plaintiff's account against the defendants was assigned in writing to the California Pine Box Distributors as collateral security. That company thereafter instructed the plaintiff to collect the account, but made no written assignment thereof to him. Appellants contend that, because of such assignment, the plaintiff is not the real party in interest and, therefore, cannot maintain this action. The fact of such assignment was not set up as a defense in the answer, although the defendants had been notified of the assignment before the suit was commenced. The assignment was by way of security only, and the plaintiff still had an interest in the property assigned and was, therefore, a proper party plaintiff, though not a necessary party. (*Stackpole* v. *Pacific Gas & Elec. Co.*, 181 Cal. 700, 702 [186 Pac. 354]; *Allen* v. *Chatfield*, 34 Cal. App. 785, 788 [168 Pac. 1149].) Conceding that the California Pine Box Distributors should have been made parties to the action,

appellants' objection "is one of nonjoinder of necessary parties and must be presented in the manner prescribed by the code for presenting such an objection." (*Stackpole v. Pacific Gas & Elec. Co., supra*, p. 704; Code Civ. Proc., sec. 434; *Pye v. Eagle Lake Lumber Co.*, 66 Cal. App. 584, 592 [227 Pac. 193].)

The other contentions of the appellants are so clearly without merit that no specific discussion thereof is deemed necessary.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.