[Civ. No. 7522. Second Appellate District, Division Two.—February 3, 1933.]

HENRY A. DEWING, Respondent, v. GIN S. CHOW et al., Appellants.

442

H. H. McPike for Appellants.

Butcher & Haines for Respondent.

WORKS, P. J.—This is an action to recover fees for services rendered by an official reporter of the superior court. Judgment went for plaintiff, and defendants appeal.

Early in the brief of appellants six certain points are stated as those made for a reversal of the judgment. Each of these points is circumstantially couched and was evidently drawn with care. They are inserted at the close of the portion of the brief devoted to a statement of the facts of the case. In the remaining portion of the brief, that devoted to argument, not one of these six points is inserted, in terms, as a heading to any portion of the printed discussion. One or two of them do not appear, even in briefer style, as headings. One or two are set down as headings in a much curtailed and abbreviated form. In disposing of the appeal we shall pay no attention to the six points, unargued as they are, but shall consider only the arguments advanced, all being put forth, as we have said, under "points" otherwise stated. Such a course is proper under the well-known rule that questions suggested in a brief but not argued are not to be considered. The points which are discussed in the brief are four in number.

The first point is thus stated: "Full performance a condition precedent to right to fees." This cryptic and unenlightening group of words is made intelligible by the argument which follows it. The service rendered to appellants by respondent consisted in the delivery to their counsel, daily, of transcripts showing the testimony taken on the day preceding each delivery and while the trial of an action in which appellants were parties was in progress. There was also a daily copy delivered to the judge, for which appellants were to pay one-half the charge. These daily transcripts were rendered as the trial proceeded, during practically all of the trial days over a period of five months, or thereabouts. The installments were paid for daily for some time, but payment was never made for those delivered during the latter portion of the period. This action was commenced to recover the balance thus left due. We now come to the specific point made by appellants. The daily transcripts were not certified by respondent as correct. Section 269 of the Code of Civil Procedure reads, in part: "[I]f directed by the court, or requested by either party [the phonographic reporter] must, within such reasonable

444

time after the trial of such case as the court may designate, write out the same [the record], or such specific portions thereof as may be requested in plain and legible longhand, or by typewriter, or other printing machine, and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court.'' Appellants insist that under this section it was the duty of respondent to certify to the correctness of the daily transcripts, and that they are not required to compensate the labors of respondent, aided by his transcribers, in the absence of such certificates.

There are several answers to this contention. In the first place, section 269 has no reference to daily transcripts rendered during a trial, but only to complete transcripts of all the evidence taken, or transcripts of desired portions thereof, to be written after a trial is concluded. This is plain from the face of the enactment. The reporter (italics being ours), ''within such reasonable time *after the trial* of such case as the court may designate'', is ''to write out the same''—the record. It is, of course, only to such a transcript, made at such a time, that the stenographer is to append his certificate.

Further, these transcripts were received throughout the unusually long trial, both by counsel and by the court, without objection and without remark as to the absence of certification. Not only so, but the daily copies were paid for during a considerable portion of the trial, as we have already observed. Under these circumstances we think appellants cannot now be heard to urge a nonliability to compensate for labors unremittingly and substantially performed, the fruits of which they have enjoyed. We think appellants are estopped to deny liability to respondent.

A somewhat fuller statement of the facts is necessary to an understanding of the second point made by appellants. The tremendous trial during which respondent acted as stenographic reporter was really the hearing on the merits of three consolidated cases. The counsel who ordered the daily transcripts with which we are concerned on this appeal represented appellants, who were plaintiffs in one of the cases, and also all but one of the plaintiffs in the other two cases, that single plaintiff having been represented by other counsel. The counsel who appeared for all these

plaintiffs but one was James F. Peck. The counsel repre-
senting the single remaining plaintiff was Charles Black-
stock. Before the trial of the consolidated cases was begun
Peck ordered a daily transcript of the evidence. Blackstock
stated that he required no transcript. A daily transcript
was also ordered for the defendants in the cases and one
was ordered for the judge. The present action was com-
menced against the plaintiffs in but one of the consolidated
cases, and the cause was dismissed as to one of these. In
view of the fact that the plaintiffs represented by Peck in
the other two actions are not parties defendant here, and
in view of the dismissal just mentioned, appellants contend
that any liability to respondent for the daily transcripts
was joint as to all the plaintiffs represented by Peck, and
that therefore an action against less than all must fail.
Appellants support this contention by mere assertion, not
by substantial argument, as it appears to us. Nor can we
see how the liability can be joint. Respondent insists that
it is joint and several, and under the law there is a pre-
sumption that it is of that nature. Section 1659 of the Civil
Code reads: ''Where all the parties who unite in a promise
receive some benefit from the consideration, whether past or
present, their promise is presumed to be joint and several.''
The language of this section, under the facts of the present
case, completely meets the terms of section 1431 of the same
code, which runs in part: ''An obligation imposed upon
several persons . . . is presumed to be joint, and not several,
except in the special cases mentioned in the title on the
interpretation of contracts.'' Section 1659 is under a title
of the code headed ''Interpretation of Contracts''. Indeed,
despite the apparent general character of section 1431, a
joint contractual liability is quite an unusual creature under
the law. The section is robbed of much of its apparent
import by the language of section 1659. Another despoiler
of its effect is section 1660 of the same code, the nature of
which is not of direct importance here. As to the effect
of these various sections see *Gummer* v. *Mairs,* 140 Cal. 535
[74 Pac. 26] ; *Wood* v. *Longyear,* 197 Cal. 723 [142 Pac.
932] ; *Webb* v. *Casassa,* 82 Cal. App. 307 [255 Pac. 541].

The next point made is that ''The dismissal of one
of the joint defendants was a dismissal of the liability as

to all of them." This point falls with the determination that there was no joint liability.

■ The last point urged for a reversal is thus stated. "The contract made between Mr. Henderson and each of the plaintiffs made him an original contractor for the services the plaintiff Dewing rendered, in connection with the record, and the defendants in the Dewing suit were not liable for the services of the reporter." This point is utterly devoid of merit, but as counsel are evidently serious in its presentation we shall briefly answer it. H. H. Henderson had agreed in writing with the plaintiffs in the three consolidated cases to "finance" the litigation. After Peck had ordered his daily transcript and when the first payment for respondent's services had become due, Peck told respondent to go to Henderson for his money, and Henderson thereafter paid to respondent all he received in compensation for his labor. There was no contractual relationship between respondent and Henderson, and respondent never even knew of the agreement between Henderson and the various plaintiffs until after the consolidated cases had been on trial for more than three months. Whether appellants may hereafter find it expedient to pursue Henderson through the halls of justice is a matter of no present concern. Certainly respondent can have no such interest in him, as he has no cause of action against him.

Judgment affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1933.